IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL |
| :--- | :--- | :--- |
| v. | : | |
| TIMOTHY WALKER | : | NO. 94-488-04 |

**MEMORANDUM AND ORDER**

AND NOW, this 21st day of April, 2010, upon consideration of the *pro se* motion under Federal Rule of Civil Procedure 60(b) filed by Timothy Walker ("Walker") (Doc. No. 255) and the relevant portions of the official record in this case, the court makes the following findings and conclusions:

1. In November 1996, Walker was convicted by a jury of one count of conspiracy to possess with intent to distribute cocaine, and one count of attempted possession with intent to distribute cocaine. He was sentenced by this court to 480 months in prison to be followed by a ten year term of supervised release. On February 5, 1998, the United States Court of Appeals for the Third Circuit ("Third Circuit") affirmed Walker's conviction and sentence in an unpublished opinion. (Doc. No. 224); United States v. Walker, C.A. No. 97-1101 (3d Cir. Feb. 5, 1998).

2. On February 4, 1999, Walker filed a *pro se* motion under 28 U.S.C. § 2255 ("§ 2255 motion") to vacate, set aside or correct sentence. (Doc. No. 226). On April 4, 2000, this court entered an order denying Walker's § 2255 motion without a hearing. (Doc. No. 232).

3. On March 13, 2001, the Third Circuit entered an order that denied Walker's request for a certificate of appealability relating to the April 4, 2000 order of this court because Walker did not make a substantial showing of the denial of a constitutional right. (Doc. No. 243); In re Timothy Walker, C.A. No. 00-1373 (3d Cir. March 13, 2001).

4. On September 13, 2000, Walker filed a motion in this court pursuant to Rule 60(b) of the Federal Rule of Civil Procedure seeking to litigate two sentencing issues. (Doc. No. 238). I concluded that Rule 60(b) could not be used to circumvent the procedural requirements for second and successive § 2255 motions. Because Walker had not sought or obtained permission to file the second or successive § 2255 motion, the motion was dismissed on May 21, 2001.[1] (Doc. No. 244).

5. On November 30, 2005, the Third Circuit denied defendant's application to file a second or successive motion under § 2255 without prejudice.[2] (Doc. No. 249).

6. On February 1, 2010, Walker filed the instant Rule 60(b) motion alleging that the Supreme Court rulings in Begay v. United States, 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008), and Chambers v. United States, - U.S. - , 129 S.Ct. 687, 172

---

[1] This court also concluded, in the alternative, that the claims presented therein were procedurally defaulted and meritless.

[2] The Third Circuit specified that the defendant could file another application in the event that the Unites States Supreme Court made any of the cases cited in his application retroactive to cases on collateral review. (Doc. No. 249). Walker has not filed an application pursuant to this provision.

L.Ed.2d 484 (2009), apply retroactively and render his prior predicate state court conviction for third degree robbery ineligible for consideration as a "crime of violence" under the Sentencing Guidelines.[3] (Doc. No. 255). As such, Walker claims that his classification as a career offender under Sentencing Guidelines § 4B1.1 was improper, thereby invalidating the sentence imposed upon him in 1997. Id.

7. On March 15, 2010, Walker filed a "Second or Successive Application for Relief" under § 2255 in the Third Circuit.[4] In re Timothy Walker, C.A. No. 10-1705. That application is currently pending.

8. Rule 60(b) may not be used to circumvent the restrictions that Congress has placed on second or successive habeas petitions. Gonzalez v. Crosby, 545 U.S. 524, 531-32, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005) (holding that a Rule 60(b) motion will be considered a *de facto* habeas petition if it attacks the court's resolution of a claim on

---

[3] United States Sentencing Guideline § 4B1.1 provides that:
> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a . . . controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

[4] In his pending motion in the Third Circuit, Walker presents the same issues he has presented in the instant Rule 60(b) motion:
> (1) the Supreme Court ruling in Chambers v. United States, supra, applies retroactively and renders him "actually innocent" as a "career offender" under the United States Sentencing Guidelines; and
> (2) he did not plead guilty to a "crime of violence."

See Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed in the Third Circuit, at p. 9-19.

3

the merits). Because Walker seeks to challenge the sentence stemming from his federal conviction, the instant motion is properly construed as a § 2255 petition.

9. A second or successive § 2255 motion cannot be filed in the district court unless the petitioner has first obtained an order from the court of appeals authorizing the district court to consider the motion. 28 U.S.C. §§ 2244(b)(3)(A) and 2255(h); Robinson v. Johnson, 313 F.3d 128, 139-40 (3d Cir. 2002). As of the date of this Memorandum and Order, Walker has not obtained leave to file a second or successive motion. When a second or successive § 2255 motion is erroneously filed with the district court, "the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." Robinson, 313 F.3d at 139. Walker currently has an application pending in the Third Circuit for leave to file a second or successive § 2255 motion. Because the application before the Third Circuit is the proper vehicle for addressing Walker's claims at this time, the current motion will be dismissed with prejudice.[5]

10. This Court concludes that Walker is not entitled to have his new collateral claims considered under Rule 60(b). He is not entitled to review for this successive motion under the rules governing habeas corpus review, unless he first obtains a certification from the Court of Appeals permitting him to file a successive § 2255

---

[5]Because this court does not have jurisdiction to decide the merits of Walker's current motion, there is a conclusive showing that Walker is not entitled to relief from the court at this time, so there is no need to notify the United States Attorney or hold a hearing therein.

motion.

Based upon the foregoing, it is hereby **ORDERED** that Timothy Walker's *pro se* motion under Federal Rule of Civil Procedure 60(b) (Document No. 255), is **DISMISSED WITH PREJUDICE**.

                                        /s Lowell A. Reed, Jr.
                                        LOWELL A. REED, JR., S.J.